

40 Exchange Place, 18th Floor
New York, New York 10005
646-741-0229

**maxnicholasllc.com**

January 16, 2026

<u>**BY ECF**</u>

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Malvasio, et al.*, S1 23 Cr. 396 (JMF)

Dear Judge Furman:

On behalf of defendant Joseph Malvasio, we respectfully write in reply to the Government's January 13, 2026 consolidated opposition to (1) our motion to exclude from trial any records that the Government obtained pursuant to its email search warrant dated May 22, 2023 (the "Email Warrant"), and (2) our motion to preclude the Government from introducing at trial certain proffer statements or attorney proffer statements by Malvasio's co-defendants. For the reasons discussed in our opening briefs and the reasons discussed below, the motions should be granted.

**A. Malvasio's Motion to Exclude Email Warrant Records Should Be Granted**

As discussed in our opening brief, on December 24, 2025, the Government disclosed to Malvasio that it had failed to produce to him any set of materials that it had identified as being responsive to the Email Warrant, which was executed more than two years ago (the "Responsive Materials"). The Responsive Materials were produced to Malvasio in early January 2026, and they appear to consist of approximately 100,000 files that contain over 800,000 pages of documents. It is not feasible for Malvasio to review that many new documents before trial begins on March 2, 2026, let alone to study them in time to integrate them into our defense at trial, incorporate them in any expert reports, defense exhibits, or pretrial motions, review them for *Brady*, or identify evidentiary objections to them. Moreover, even if doing so were technically possible, it would come at the expense of spending time on the substantial amount of pre-trial work that is otherwise being done.

The Government's opposition fails to address these problems and, indeed, compounds them. The Government begins its argument by defending the reasonableness of the responsiveness review that it performed on the complete data set that it obtained pursuant to the Email Warrant in order to generate a responsive set.



But this misapprehends Malvasio's point.  Even assuming the Government conducted a responsiveness review that was reasonable -  which at this point is unclear -[1] that does not ameliorate in any way the two-year delay in producing the Responsive Materials to Malvasio.  It does not mitigate any of the practical problems that have arisen for Malvasio as a result of getting a giant production of long-held Rule 16 materials two months before trial, in the middle of pre-trial deadlines.  The fact that the Government conducted an appropriate responsiveness review does not give it license to produce the results two years late, two months before trial.[2]

The Constitutional requirement that a search and seizure be "reasonable" comes into play when the Government suggests – as it did in email correspondence with defense counsel reflected in the exhibits to the opening brief, and as it does repeatedly in its opposition brief – that Malvasio has nothing to complain about because he received the complete data set from the Email Warrant in March 2025, and the responsive set that was produced two weeks ago is similar to the complete set.  (*See, e.g.*, Dkt. #165 at 5).  This is tantamount to saying that Malvasio should have assumed – notwithstanding the Government's drawing a distinction in a March 2025 letter to the Court between the complete data set and a yet-to-be-produced responsive set – that the complete data set was responsive and that he should have reviewed the complete data set in March.  To take this position is effectively to nullify the reasonableness requirement that governs Fourth Amendment searches.  A criminal defendant has the right to expect that when the Government conducts a Fourth Amendment search, it will conduct a reasonableness review and produce a set of documents that are responsive to the warrant and that ***that set*** is the body of materials that he should review.  To say now that the complete data set is just as good as a responsive set and therefore, essentially, "no harm no foul," is to relieve the Government of the requirement to conduct a reasonableness review.  There was absolutely no burden on Malvasio to treat the complete data set as the responsive one, as if the reasonableness review could be skipped.

The Government further argues that Malvasio has not been prejudiced, or that his prejudice is insignificant, because the Responsive Materials are "no different in kind"

---

[1] The Government says that "effectively the entire contents [of the subject email accounts] were responsive."  (Dkt. #165 at 5).  This is an incredibly broad assertion, and our initial review indicates that it may be mistaken, as the Responsive Materials appear to include emails relating to political organizations, personal medical information, veterinary bills, private insurance, and the like.  However, we have not yet made enough progress in looking through the newly-produced documents to form a final view on whether they are responsive to the Email Warrant.  In the event that, once we have reviewed more of the Responsive Materials, we conclude that the Government's seizure exceeded the scope of the Email Warrant, we will raise that issue with the Court.

[2] The Government states that Defendants "appear to suggest" that they withheld the Responsive Materials in "bad faith."  (Dkt. #165 at 4).  They cite no language to support that, and there is none – we did not suggest it and do not believe it.  But Malvasio has been prejudiced by the Government's failure to comply with its Rule 16 obligations, and case-related relief in the form of excluding the materials that were not timely produced is warranted.



from emails produced to Malvasio in response to a prior warrant.  (Dkt. #165 at 6).  This argument cuts the opposite way.  If the Responsive Materials are substantively duplicative of other materials timely produced and admissible at trial, the Government would not be prejudiced by their exclusion here.  The Government's argument certainly does not support the admission of the Responsive Materials – Malvasio has no way of knowing what they say unless we read all 100,000 of them.  While we do not doubt the Government is acting in good faith, we cannot take the Government's word for whether materials are important to review; that is a strategic decision we have the responsibility of making.  By way of example, an important component of Malvasio's defense is the fact that different loans failed to close, or succeeded in closing, for individualized reasons.  Therefore, emails about different loans that may look alike to the Government may reflect different circumstances, specific to particular loans, that are meaningful to the defense.[3]

Finally, the Government suggests that an adjournment of the trial would resolve Malvasio's concerns.  (Dkt. #165 at 6).  We agree that, as an alternative to exclusion, an adjournment could allow us time to review the Responsive Materials and appropriately integrate them into our trial preparation and defense.  However, for all of the reasons discussed above, and in our opening brief, exclusion is an entirely appropriate remedy here.  Contrary to the Government's suggestion that exclusion would be "draconian," the Government has implicitly acknowledged that it does not believe it needs the Responsive Materials to prove its case, as they are similar in kind to documents previously produced and as it does not plan to mark a voluminous number of them in its own case in chief.  Exclusion represents a narrow fix for the precise problem that has been caused by the Government's delay.

## B.  The Proffer and Attorney Proffer Statements Should Be Excluded

Malvasio seeks to preclude the Government from introducing at trial statements that his co-defendants or their attorneys made to law enforcement agents or prosecutors that incriminate Malvasio (the "Statements").  The Government begins its opposition to this motion by arguing that it is premature.  (Dkt. #165 at 12).  Malvasio has no objection to the Court reserving judgment on the admissibility of the Statements unless and until the Government seeks to offer them (as impeachment or in a rebuttal case) on an individualized basis.

In the event that the Court is inclined to rule on the admissibility of the Statements in advance of trial, we respectfully submit, for the reasons discussed in our opening brief, that they should be excluded.  The crux of *Bruton* is practicality.  *See*

---

[3] The Government states that it "has offered to identify relevant materials contained in the May 202[3] Google Warrant returns."  (Dkt. #165 at 6).  Such an offer, however, would not address the problems raised in this motion.  The defense's responsibility in reviewing the Responsive Materials is to identify documents that we believe support or contradict theories of the defense; we cannot outsource those judgments entirely to the Government.  In fact, a preliminary review of some of the Responsive Materials that we have conducted so far indicates that some of the Responsive Materials relate to a closed loan – a favorable fact for the defense – that was not referenced in any previously disclosed materials.



*Roberts v. Russell*, 392 U.S. 293, 294-95 (1968) (quoting *Bruton v. United States*, 391 U.S. 123 (1968) for the proposition that "[t]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.").  There is, simply put, no practical way to conceal from the jury that the Statements are about Malvasio.  They otherwise make no sense.  To suggest that replacing Malvasio's name with a pronoun will obfuscate his identity is to give the jury insufficient credit.  In order for him to receive a fair trial, the statements must not come in, when he would have no way of impeaching the declarants.

For the foregoing reasons, Malvasio's motions (Dkt. #151 and Dkt. #153) should be granted.

Respectfully submitted,

/s/ *Max Nicholas*

_____

Max Nicholas LLC
40 Exchange Place
Suite 1800
New York, NY 10005
646-741-0229
maxn@maxnicholasllc.com