UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                      :

UNITED STATES OF AMERICA,                  :

                                        :                 23-CR-396 (JMF)

      -v-                              :

                                        :            MEMORANDUM OPINION

JOSEPH MALVASIO et al.,           :                AND ORDER

                                        :

                  Defendants.        :

                                        :

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Joseph Malvasio, Gregg Marcus, and Christopher Polk are charged with wire fraud and conspiracy to do the same in connection with an alleged scheme to defraud borrowers seeking loans. *See* ECF No. 70 ("Indictment"), ¶¶ 2-4. In advance of trial, which is scheduled to begin on June 8, 2026, the Government has filed various motions *in limine*. *See* ECF No. 195 ("Gov't Mem."). In this Memorandum Opinion and Order, the Court rules on one of those motions — the Government's request for an order excluding evidence and argument regarding Defendants' civil arbitrations with several victims, *see id.* at 24-28 — because it may bear on another motion the Government has filed, to compel the disclosure of certain communications, *see* ECF No. 196, a response to which is currently due on May 18, 2026, *see* ECF No. 197.

Subject to one important caveat, the Government's motion is GRANTED, substantially for the reasons set forth on pages 24-26 of its memorandum of law.[1] In brief, the arbitration

---

[1] To be clear, the Court is *not* persuaded by the Government's arguments that the evidence would "raise many of the Rule 403 concerns presented by an impermissible 'presence of counsel' defense" and would constitute hearsay. *See* Gov't Mem. 26-28 & n.15. As to the former argument, the presence of counsel *during the arbitrations* would not suggest a presence-of-counsel defense to the *charges*; and to the extent it would, curative instructions would suffice. As to the latter, Defendants do not seek to offer the arbitration awards for their truth. *See* ECF No. 198 ("Defs.' Opp'n"), at 22-23 & n.8. Accordingly, they are not inadmissible as hearsay.

awards that Defendants list on their exhibit list have limited or no relevance in themselves and, to the extent they are relevant, their probative value is substantially outweighed by the dangers of unfair prejudice, jury confusion, and waste of time.  *See* FED. R. EVID. 403.  Absent further evidence concerning the claims made in the arbitrations and the bases for the awards, not to mention Defendants' knowledge of the claims and the bases of the awards, the mere fact that the arbitrators ruled in Defendants' favor does not have "any tendency to make a fact more or less probable than it would be without the evidence."  FED. R. EVID. 401.

Relying on *United States v. Litvak*, 808 F.3d 160 (2d Cir. 2015), Defendants argue that "the mere fact that three different arbitrators found in the defendants' favor, in disputes challenging 'conduct identical to that with which [they] w[ere] charged,' is probative of the defendants' good-faith belief that their conduct was not unlawful."  Defs.' Opp'n 23 (quoting *Litvak*, 808 F.3d at 189-90).  But there are three flaws in that argument.  First, the record does not establish that the arbitrations involved "conduct identical to that with which" Defendants are charged (as opposed to say, contract claims, which might or might not bear on Defendants' intent to commit fraud).  Second, while it could be inferred that the defendant in *Litvak* knew about the evidence at issue in that case (namely, his supervisors' approval of identical conduct by others), no such inference can be drawn from the arbitration awards alone in this case.  Absent such a connection, "the mere fact" of the favorable awards has no relevance whatsoever to Defendants' intent.  *Id.*  Third, the *Litvak* Court's holding was limited to whether the evidence at issue was relevant.  *See Litvak*, 808 F.3d at 189 ("In our view, the soundest reading of the District Court's ruling is that it rested solely on relevance grounds.  Therefore, our inquiry is whether the District Court exceeded its allowable discretion in concluding that the excluded evidence would not have 'any tendency to make a fact [of consequence in determining the action] more or less probable

2

than it would be without the evidence . . . .” (quoting FED. R. EVID. 401)).  Thus, the Court did not consider whether, as here, Rule 403 provided an independent basis for exclusion.

The important caveat to the foregoing is that Defendants may be able to introduce other evidence concerning the favorable arbitrations to prove that they had a good-faith belief that their conduct was not unlawful — most notably, by taking the stand and testifying under oath that the arbitrations led them to believe (whether correctly or not) that their conduct was not unlawful. That would provide the missing link between the “mere fact” of the arbitration awards and Defendants’ intent.  In that scenario, however, the arbitration awards themselves would likely be cumulative and, thus, need not be admitted as evidence in their own right.

Subject to the foregoing caveat, the Government’s motion *in limine* for an order excluding evidence and argument regarding Defendants’ civil arbitrations with several victims is granted.  The parties should immediately confer and advise the Court whether this ruling moots the Government’s motion to compel.  Unless and until the Court orders otherwise, however, Defendants’ response to that motion remains due on May 18, 2026.

SO ORDERED.

Dated: May 12, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

3