UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
                                                                :
       -v-                                                      :
                                                                :            23-CR-396 (JMF)
JOSEPH MALVASIO et al.,                                         :
                                                                :                ORDER
                              Defendants.                       :
                                                                :
-------------------------------------------------------------------X


JESSE M. FURMAN, United States District Judge:

        As discussed at the charge conference held earlier today, the Court agrees with the
Government that a conscious avoidance charge is appropriate in this case.  Attached is the
language of the instruction that the Court is inclined to include.  Upon reflection, the Court is of
the view that it should go after the instructions for Count One (i.e., right before the venue
instruction) because it applies to all three counts, albeit with the caveat that conscious avoidance
cannot be used to support a finding that a defendant intentionally joined the conspiracy.  Given
that, it makes sense to include it after the instructions on all three charges have been given.

        As discussed, Defendants' objections to inclusion of a conscious avoidance instruction
are preserved and need not be renewed.  That said, if any party has an objection to either the
language or placement of the Court's proposed instruction, that party shall file confer with the
other parties and file a letter explaining the basis for the objection by **Saturday, June 20, 2026**,
at **5 p.m.**  Any response to such an objection shall be filed by **Sunday, June 21, 2026**, at **11 a.m.**

        As discussed, if either Defendant wants a "defense theory of the case" instruction,
counsel shall confer with the Government and file a proposed instruction by **Saturday, June 20,
2026**, at **5 p.m.**  The Government shall file any response to such a request by **Sunday, June 21,
2026**, at **11 a.m.**

        SO ORDERED.

Dated: June 18, 2026                          _____
       New York, New York                              JESSE M. FURMAN
                                                     United States District Judge

Conscious Avoidance

All of the charges that I have described require the Government to prove, among other things, that the defendant you are considering acted knowingly, as I have already defined that term.

In determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid learning the truth, then you may find that he acted knowingly.  Guilty knowledge may not be established, however, by demonstrating that the defendant was merely negligent, foolish, or mistaken.

In considering the conspiracy charged in Count One, however, you cannot rely on conscious avoidance to support a finding that a defendant intentionally joined the conspiracy.  Conscious avoidance may apply only to a defendant's knowledge of specific facts, including the specific objectives of the conspiracy, not to whether a defendant joined the conspiracy in the first place.  It is logically impossible for someone to intend and agree to join a conspiracy if he does not actually know that it exists.

If you find that the defendant you are considering was aware of a high probability of a fact and that the defendant acted with deliberate disregard of that fact, you may find that that defendant acted knowingly.  However, if you find that the defendant actually believed that the fact was not so, you may not find that he acted knowingly.

It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

**Adapted from *Modern Federal Jury Instructions*, Instruction 3A-2; *United States v. Ansah*, 19 Cr. 752 (JMF); *see also, e.g.*, *United States v. Dambelly*, 714 F. App'x 87, 88 (2d Cir. 2018) (summary order) ("A conscious-avoidance instruction may be given even when the defendant has taken no active measures to avoid learning of criminal activity."); *United States v. Shelton*, No. 05-4342-CR, 2006 WL 3406840, at \*1 (2d Cir. Nov. 22, 2006) ("There are two ways the government may establish a factual predicate for [a conscious avoidance] charge: either there must be evidence that the defendant was aware of a high probability of the disputed fact and  deliberately avoided confirming that fact, or there must be evidence that the defendant's involvement in the offense is so overwhelmingly suspicious that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge.  Where this test is met, even when the government attempts to prove actual knowledge, an instruction on conscious avoidance can still be appropriate." (cleaned up)); *see also United States v. Lange*, 834 F.3d 58, 76 (2d. Cir. 2016) ("Conscious avoidance may not be used to support a finding as to . . . intent to participate in a conspiracy, but it may be used to support a finding with respect to . . . knowledge of the conspiracy's unlawful goals.").**